### J. T. BYRNE v. THE STATE.

#### No. 748. Decided December 7, 1910.

**Conductor—Railroad Train—Statutes Construed.**

The Act of the Thirty-first Legislature does not require that the party acting as conductor shall serve two years as freight conductor within this State, before he can engage in acting as conductor; and where the evidence showed that defendant had acted as a conductor of railway trains for quite a number of years out of this State he could not be convicted under said law.

Appeal from the County Court of Gregg. Tried below before the Hon. J. H. McHaney.

Appeal from a conviction of unlawfully acting as conductor of railway train; penalty, a fine of $25.

The opinion states the case.

*J. W. Terry* and *A. H. Culwell*, for appellant.

*John A. Mobley*, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating an Act of the Legislature by acting as a conductor on a railroad train, the same being a freight train on the road of the Texas & Gulf Railway Company, without having for two years prior thereto served or worked in the capacity of a brakeman or conductor on a freight train on a line of railroad, etc. The law under which appellant was indicted is found on page 92 of the Acts of the First and Second Called Sessions of the Thirty-first Legislature, section 2. This section of the Act reads as follows:

"If any person shall act or engage to act as conductor on a railroad train in this State without having for two years prior thereto served or worked in the capacity of brakeman or conductor on a freight train on a line of railroad he shall be deemed guilty of a misdemeanor, and shall be punished by fine of not less than twenty-five nor more than five hundred dollars, and each day he so engages shall constitute a separate offense."

Lovick, testifying for the State, states he knew the appellant and that he had not within two years to his knowledge acted as conductor on a freight train in Texas. It will be noted that the Act does not require that the party acting as conductor shall serve two years as freight conductor within the State of Texas before he can engage

in acting as conductor. The evidence is uncontroverted "that appellant had acted as conductor for quite a number of years in the State of Missouri, and that he had been continually in the railroad service since 1881, several years of which he was employed as conductor on freight trains.

We find that the evidence is totally insufficient to sustain the conviction. There are some legal questions involved in the case which we deem unnecessary to discuss in view of the fact that the State has not made a case. Appellant has demonstrated by his testimony that he was not within the purview of the statute.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*